**In re FRANKLIN COMPUTER CORPO-RATION (Jointly Administered with Franklin Technologies, Inc.), Debtor.**

**FRANKLIN COMPUTER CORPORATION,**
**Plaintiff,**

**v.**

**CRAZY EDDIE, INC., Defendant.**

**Bankruptcy No. 84–02016G.**
**Adv. No. 84–1217G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 5, 1985.

Gary M. Schildhorn, Adelman Lavine Krasny Gold & Levin, Philadelphia, Pa., for debtor/plaintiff, Franklin Computer Corp.

Gary L. Bragg, Ehmann & Baldwin, Philadelphia, Pa., for defendant, Crazy Eddie, Inc.

Michael A. Bloom, Philadelphia, Pa., for Creditors' Committee.

OPINION

EMIL F. GOLDHABER, Chief Judge:

The matter for disposition in this case is whether the defendant is liable for goods

sold and delivered by the debtor, and if so, to what extent, in light of the defense that the goods were allegedly defective. For the reasons expressed below, we conclude that the debtor has no valid claim against the defendant since the goods were defective.

We sketch the facts of this controversy as follows:[1] The debtor is a manufacturer of personal computers and accessories which it sells to retailers such as the defendant, Crazy Eddie, Inc. ("Crazy Eddie"). Under a sales contract signed by the parties, the debtor sold and delivered to Crazy Eddie merchandise worth $673,543.39, although Crazy Eddie has paid for only $503,468.73 of the goods. This balance of $170,285.66 is subject to a reduction of $3,145.00 for advertising allowances, price adjustments and freight charges for an adjusted balance of $167,140.66. Crazy Eddie possesses 150 pieces of the debtor's merchandise which are currently unsaleable due to defects in material or workmanship.

The last shipment of goods by the debtor to Crazy Eddie was in May of 1984. The debtor filed a petition for reorganization under chapter 11 in June of 1984. The debtor filed the instant complaint against Crazy Eddie in September of 1984, and in its answer filed one month later Crazy Eddie first notified the debtor that 150 pieces of merchandise in its hands were defective. This notice was made within a reasonable time after the defects in the merchandise arose. The value of the defective items is in excess of the debtor's claim of $167,140.66.

■ There are two main points for decision in the case before us, the first of which is whether Crazy Eddie gave the debtor reasonable notice of the defects in the merchandise although it did not inform the debtor of the defects until it filed its answer to the debtor's complaint to collect on the accounts receivable. Under the Uniform Commercial Code ("the UCC") of New Jersey, which the parties agree is

applicable, where a buyer of goods wishes to preserve his right to assert that goods sold under a contract are defective, the buyer must notify the seller of the defect within a "reasonable" time after tender of the goods:

> 12A:2–602. Manner and Effect of Rightful Rejection.
>
> (1) Rejection of goods must be within a reasonable time after their delivery or tender. It is ineffective unless the buyer seasonably notifies the seller.

N.J.Rev.Stat. 12A:2–602(1). Above, we found that notice of the defects was communicated within a reasonable time.

■ The second point for decision is whether Crazy Eddie's exclusive remedy for defective goods was to return them to the debtor for repair or replacement. As stated in New Jersey's UCC:

> 12A:2–719. Contractual Modification or limitation of Remedy.
>
> (1) Subject to the provisions of subsections (2) and (3) of this section and of the preceding section on liquidation and limitation of damages,
>
> (a) the agreement may provide for remedies in addition to or in substitution for those provided in this Chapter and may limit or alter the measure of damages recoverable under this Chapter, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of non-conforming goods or part; and
>
> (b) resort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy.

N.J.Rev.Stat. 12A:2–719(1). Although the contract provides for the return and repair of defective merchandise, it does not expressly limit Crazy Eddie to that remedy. Crazy Eddie may thus resort to recourse under the following:

Rule 7052.

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy

12A:2–711. Buyer's Remedies in General:

Buyer's Security Interest in Rejected Goods.

(1) Where the seller fails to make delivery or repudiates or the buyer rightfully rejects or justifiably revokes acceptance then with respect to any goods involved, and with respect to the whole if the breach goes to the whole contract (12A:2–612), the buyer may cancel and whether or not he has done so may in addition to recovering so much of the price as has been paid

(a) "cover" and have damages under the next section as to all the goods affected whether or not they have been identified to the contract; or

(b) recover damages for non-delivery as provided in this Chapter (12A:2–713).

N.J.Rev.Stat. 12A:2–711(1). Since Crazy Eddie has justifiably revoked its acceptance of the defective goods, it may cancel the remainder of the contract which now relates only to those defective goods. The debtor therefore has no valid action for the price of those goods. Nonetheless, those goods are property of the estate, and the debtor is entitled to those goods. We will allow the debtor 60 days to take possession of the goods and remove them from the premises of Crazy Eddie at the debtor's expense. In the absence of such timely action, we will deem the goods abandoned.

In response to the debtor's complaint, Crazy Eddie filed a counterclaim which is essentially a defense to the debtor's claim although it has also requested consequential damages. No proof has been offered in support of an award of consequential damages and we will deny all relief on the counterclaim.

We will accordingly enter an order allowing the debtor to take possession of its defective merchandise which is now in the possession of Crazy Eddie. If the debtor fails to remove the goods within 60 days from the docketing of the accompanying order, the merchandise will be deemed abandoned from the bankruptcy estate.

We will deny the debtor all other relief on its complaint and we will likewise deny Crazy Eddie all relief on its counterclaim.